94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laszlo Miklos CSOKA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Laszlo Miklos Csoka, a native and citizen of Hungary, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings to consider his applications for a waiver of inadmissability under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and for adjustment of status under section 245 of the INA, 8 U.S.C. § 1255. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the BIA's denial of a motion to reopen for abuse of discretion. INS v. Abudu, 485 U.S. 94, 105 (1988). The denial of a motion to reopen will be upheld unless it is "arbitrary, irrational, or contrary to law." Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985) (citation omitted).
 
 
 4
 The BIA may deny a motion to reopen if the movant fails to (1) establish a prima facie case for the relief sought; (2) introduce previously unavailable, material evidence which could not have been discovered or presented at the former hearing, see 8 C.F.R. § 3.2 (1996); or (3) if the BIA determines the movant is not entitled to a discretionary grant of the relief sought, see Abudu, 485 U.S. at 105; Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994).
 
 
 5
 Csoka contends that his applications for relief constitute previously unavailable, material evidence. Csoka explained that he was unable to submit the applications at the deportation hearings held in 1991 and 1992 because prison officials had drugged him prior to the proceedings. Csoka also submitted an affidavit from another prison inmate, Perez, stating that during his 1994 six-month imprisonment in the Nevada State Prison he saw prison personnel administering hypodermic injections to prison inmates.
 
 
 6
 The BIA denied the motion to reopen based upon Csoka's failure to show that the evidence submitted could not have been presented at the former hearings and the BIA's finding that Csoka did not warrant a discretionary grant of the relief sought. We may affirm on either ground. See Abudu, 485 U.S. at 104.
 
 
 7
 In its decision the BIA stated that Csoka failed to apply for relief although the immigration judges at the deportation proceedings gave Csoka four separate opportunities to do so. The BIA noted that the IJ found Csoka's allegation of having been drugged did "not ring true." The BIA also found that Csoka failed to corroborate his bare allegations that he had been drugged by prison officials. Perez's affidavit relating to incidents which occurred in 1994 in Nevada State Prison does not corroborate Csoka's account of having been drugged by prison officials on four separate occasions in 1991 and 1992. The BIA thus found that Csoka had failed to show that the evidence could not have been presented at his deportation hearings.
 
 
 8
 Given the evidence in the record we cannot say that the BIA's decision was arbitrary, irrational or contrary to law. Therefore, we find that the BIA did not abuse its discretion by denying the motion to reopen. See Abudu, 485 U.S. at 105; Ahwazi, 751 F.2d at 1122.
 
 
 9
 Accordingly, we deny the petition for review.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3